In the Matter of JACOB W. BLOCK, an Attorney, Respondent.

First Department, May 9, 1941.

*Einar Chrystie*, for the petitioner.

*Karl Propper* of counsel [*Herbert C. Smyth*, attorney], for the respondent.

PER CURIAM. The respondent was retained by the widow of one Jacob Waxman to settle the estate of her deceased husband. At the time of his death there were on record against him a number of unsatisfied judgments. The respondent entered into an agreement with Mrs. Waxman to receive fifty per cent of any amounts he might save in obtaining settlements of these judgments. He thereafter prepared or caused to be prepared a petition which his client verified, requesting her appointment as administratrix. This petition was filed on February 5, 1931, in the office of the surrogate of Bronx county. It was falsely alleged therein that the value of all the personal property of which the deceased died possessed did not exceed the sum of $1,000. The respondent knew at that time that there were policies of insurance in force payable to the estate of the value of more than $8,000.

Thereafter the respondent, knowing that in addition to the aforesaid insurance Mrs. Waxman was the beneficiary of policies on the life of her deceased husband aggregating $10,000 or $12,000, falsely represented to certain of the judgment creditors that the assets of the estate did not exceed the sum of $1,000 and were needed for the support of the widow and her four small children; that the estate was insolvent and the widow without any means of support. Upon these representations he induced the settlement of judgments aggregating $3,590.06 by the payment of $825. He also obtained a satisfaction of another judgment amounting to the sum of $859.16 without the payment of any consideration, said judgment having been paid by the deceased in his lifetime but not satisfied of record. The difference of $3,624.22 between the face amounts of the aforesaid judgments and interest, and the amounts actually paid in settlement thereof, was divided equally between the administratrix and the respondent pursuant to the aforesaid agreement.

Thereafter the respondent filed an account on behalf of the administratrix in which were falsely listed as having been paid to the judgment creditors the full face amounts of the aforesaid judgments, including the one for $859.16 on account of which nothing had been paid by the estate. The account also contained false statements that the respondent had been paid a fee of $500 as attorney and that Mr. Harry Cohen had been paid a fee of $200 as accountant, although the amount of said alleged fees had been returned to the administratrix. These amounts, as well as the aforesaid judgments, had been deducted from the assets of the estate and thus rendered unavailable to creditors.

Three fellow members of the bar appeared in this proceeding and testified against the respondent. They stated that they were

misled by his representations that the estate was insolvent, and related the manner in which they were persuaded to take small sums of money in settlement of the judgments held by their clients.

The respondent's argument that his actions were intended to benefit the family of the decedent and that the inaccuracies in the account were not made with any intention to misrepresent is incompatible with the executed agreement that he should receive fifty per cent of any savings thus effected at the expense of the creditors.

The fact that after the falsifications were discovered and the administratrix surcharged by the surrogate the respondent gave notes to her for $800 of the amount which he had received is not, as claimed, a mitigating circumstance. The administratrix failed to comply with the direction of the surrogate to pay over to the objecting creditors the difference between the amount due on their judgments and the sum which had been paid in settlement thereof. The result was that the surety company which had executed the bond filed by the administratrix was compelled to make the payments.

It is a surprising fact that any attorney when caught in such a deliberate fraud should attempt to justify his conduct as proper practice. From the very outset of the administration of the estate the respondent planned and executed a scheme to defraud the creditors and to receive one-half of the proceeds of such fraud. Such conduct by an attorney cannot be condoned.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent disbarred.